ORDER
FORDHAM, JUDGE:
An application of the claimant, Maria L. Ormsby, on behalf of her son, Derion Corbett Gore,[42] for an award under the West Virginia Crime Victims Compensation Act, was filed September 22, 2005. The report of the Claim Investigator, filed November 3, 2005, recommended that no award be granted, to which the claimant filed a Response in disagreement. An Order was issued on March 31, 2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed April 17, 2006. This matter came on for hearing August 4, 2006, the claimant appearing by counsel Ellen F. Golden, and the State of West Virginia by counsel, Benjamin F. Yancey III, Assistant Attorney General.
On December 22, 2004, Derion Corbett Gore, the claimant’s thirteen-year-old son, was the victim of criminally injurious conduct in Charleston, Kanawha County. The victim witnessed an argument between the claimant and her husband, David G. Ormsby (the offender), and the offender threatened the claimant with physical and emotional violence.[43] During the altercation, the offender threw a shoe at the victim. On January 30,2004, the claimant obtained a domestic violence protective order against the offender in the Family Court of Kanawha County.
The Claim Investigator recommended that no award be made because the claimant failed to respond to the Investigator’s request on September 29,2005, for copies of the victim’s counseling bills.[44] On December 1, 2005, the claimant filed a Response *358 to the Claim Investigator’s Finding of Fact and Recommendation contending that she never received a request for counseling bills from the Crime Victims Compensation Fund.[45] The claimant submitted with her Response a copy of the invoice for counseling services from the Domestic Violence Counseling Center in the amount of $2,900.00.
The Court, in its Order dated March 31, 2006, adopted the factual findings of the Claim Investigator and denied the claimant’s request for an award because the victim’s twenty-nine (29) counseling sessions were conducted by an unlicensed counselor. The claimant requested a hearing in response to the Court’s Order.
At the hearing of this matter on August 4, 2006, Elizabeth Crawford, Director and Counselor for the Domestic Violence Counseling Center, testified on behalf of the claimant. Ms. Crawford received her undergraduate degree in Medical Laboratory Technology and Chemistry and obtained a graduate degree in Community Health Promotion Education from West Virginia University. Since her graduate degree is not related to the field of counseling, the West Virginia Board of Examiners in Counseling has excluded her from sitting for the State examination to become a licensed professional counselor.
Ms. Crawford testified that the Domestic Violence Counseling Center is a tax-exempt organization that is located in a building provided by the New Covenant Missionary Baptist Church. Although the organization is open to members of the public in need of counseling services, the organization also reaches out to racial minorities who are victims of domestic violence. Ms. Crawford’s counseling fees are $100.00 per hour.
According to Ms. Crawford, the victim received counseling services from Mary Gray, an employee at the Domestic Violence Counseling Center. Ms. Crawford testified that Ms. Gray is not a licensed counselor and is not required to be licensed in West Virginia because she is a counselor working for a non-profit organization. At the time of the hearing, Ms. Gray was working on her graduate degree and had taken continuing education seminars in counseling children who have been abused.
Nancy Kemp, who was a victim of domestic violence, also testified in support of the claimant. Ms. Kemp received counseling services from Elizabeth Crawford, and stated that the counseling services that she received were very effective. Ms. Kemp filed a claim with the Crime Victims Compensation Fund approximately ten years ago, and the Fund provided compensation for the counseling services that she received.[46]
*359 The claimant also testified in support of the claim filed on her son’s behalf. She explained that there was a six-month delay between the time of the incident and the time that her son received counseling services because the victim had been living with his father. When the claimant left her abusive relationship, her son moved back in with her.
At that time, the claimant noticed that the victim was exhibiting disturbing behaviors. She testified that he was upset, belligerent, and his grades had plummeted. In addition to witnessing the claimant being abused by the offender, the victim was abused by his biological father. She realized that her son needed counseling services and sent him to a counselor at Shawnee Hills Counseling. Although the victim was receiving counseling services once a month, the claimant did not notice a change in his behavior.
When the victim started counseling sessions with Ms. Gray at the Domestic Violence Counseling Center, she noticed an improvement in his behavior. She stated that he attended counseling sessions more frequently because she was trying to prepare him for the upcoming school year. Thus, there were times where he had more than one counseling session per week.
When the victim began counseling sessions at the Domestic Violence Counseling Center, the claimant contends that she was not aware that the Crime Victims Compensation Fund required her son to seek counseling services from a licensed professional counselor. Therefore, the claimant asserts that she did not receive notice of this requirement prior to the time that the Domestic Violence Counseling Center provided her son with counseling services.
The issue before this Court on appeal is whether the claimant is entitled to recover counseling expenses from the Crime Victims Compensation Fund when the counseling services which the victim received were not provided by a licensed professional counselor. In the Applicant’s Brief in Support of Claim, the claimant contends that W.Va. Code §§ 14-2A-1, et seq. contains no language distinguishing between licensed and non-licensed counselors for the purposes of providing compensation under the Crime Victims Compensation Fund. In addition, the claimant asserts that the Court has paid unlicensed counselors prior to this claim. Furthermore, the claimant argues that non-profit organizations are exempt from the licensing requirements that apply to for-profit counselors under W.Va. Code § 30-31-3(4).[47] Respondent avers that under W.Va. Code § 14-2A-5, “Any judge of the court of claims individually, or the court of claims en banc... shall have jurisdiction to approve awards of compensation arising from criminally injurious conduct... if satisfied by a preponderance of the evidence that the requirements for an award of compensation have been met.”
Respondent further asserts that Paragraph 2 of the Court’s Guidelines for Mental Health Counseling Services requires the Court to reimburse charges incurred for mental health counseling only if the cost is reasonable and care is provided by a physician, or a *360 psychologist, or a professional counselor.[48] Respondent asserts that the claimant has failed to establish that the Domestic Violence Counseling Center’s fees are reasonable and warrant reimbursement. Respondent further states that the Court is unaware of the nature and type of counseling services provided to the victim except that the victim attended twenty-nine (29) counseling sessions at a cost of $100.00 per session. In determining whether the Court may provide reimbursement to the Domestic Violence Counseling Center, the Court must first consider the rules governing the practice of counseling. W.Va. Code §30-31-2(4) defines “counselor” as “one who holds himself or herself out to the public as engaged in the practice of counseling... and, in so doing, represents that he or she has the knowledge, training, expertise, and ethical standards necessary to engage in such practice...” “Licensed professional counselor” is defined as “a counselor... who holds a valid license to practice counseling...” W.Va. Code § 30-31-2(5).
The Crime Victims Compensation Fund has recognized that mental health counseling services provided to victims constitute an “allowable expense” under W.Va. Code § 14-2A-3(f)(1).[49] On December 9,2005, the Court approved the “Guidelines for Mental Health Counseling Services”. Paragraph 2 of the Guidelines states as follows:
Charges incurred for mental health counseling shall be deemed proper for reimbursement by the Court under § 14-2A-19a of the W.Va. Code only if reasonable and the care to the victim is provided by a physician, or a psychologist, or a professional counselor, currently licensed as such by the State of West Virginia or in the state where the care is given and if the care provided by the mental health provider is within the scope of his or her license.
*361 The Guidelines for Mental Health Counseling Services took effect approximately three months after the claimant filed her claim with the Crime Victims Compensation Fund on September 22, 2005. Although the Court is aware that the Guidelines were adopted after the mental health counseling services were rendered to the victim, the Court has determined that the Domestic Violence Counseling Center should receive fair and reasonable compensation for its services. The Court finds that a non-licensed counselor has limited qualifications to provide counseling services to children. The Court concludes that the Domestic Violence Counseling Center is entitled to compensation in the amount of fifty dollars ($50.00) per counseling session for each of the twenty-nine (29) counseling sessions that the Center provided to the victim. Thus, the Court is the opinion to and does make an award in the amount of $1,450.00 as set out below.
Domestic Violence Counseling Center
P.O. Box 8701
So. Charleston WV 25303
F.E.I.N.: 55-0743235
FIMS: 379597.$1,450.00

 Derion Corbett Gore was a minor at the time that Ms. Ormsby filed the application on her son’s behalf with the Crime Victims Compensation Fund.

 Derion Corbett Gore is David G. Ormsby’s stepson.

 W.Va. Code §14-2A-12(c) states, in part, as follows:
The claim investigator, while investigating the claim, may require the claimant to supplement the application for an award of compensation with any further information or documentary materials, including any medical report readily available, which *358 may lead to any relevant facts aiding in the determination of whether, and the extent to which, a claimant qualifies for an award of compensation...

 According to the claimant, she did not receive a copy of the counseling bills until November 29, 2005.

 There is no evidence that the Crime Victims Compensation Fund knew that Ms. Kemp was receiving counseling services from an unlicensed counselor.

 W.Va. Code § 30-31-3. Activities exempted; persons exempted from licensing; limitations on licensed professional counselors
(4) The official duties of persons serving as counselors, whether as volunteers or for compensation or other personal gain, in any public or private nonprofit corporations, organizations, associations or charities...

 Paragraph 2 of the Guidelines, approved by the Court on December 9, 2005, states as follows:
Charges incurred for mental health counseling shall be deemed proper for reimbursement by the Court under § 14-2A-19a of the W.Va. Code only if reasonable and the care to the victim is provided by a physician, or a psychologist, or a professional counselor, currently licensed as such by the State of West Virginia or in the state where the care is given and if the care provided by the mental health provider is within the scope of his or her license.

 W.Va. Code § 14-2A-3(f)(1) provides:
“Allowable expense” means reasonable charges incurred or to be incurred for reasonably needed products, services and accommodations, including those for medical care, mental health counseling, prosthetic devices, eye glasses, dentures, rehabilitation and other remedial treatment and care.